U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV -8 2010
CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MOTAZ WASIF AMREYA | § |
| | § |
| VS. | § NO. 4:10-CV-503-A |
| | § (NO. 4:08-CR-033-A) |
| UNITED STATES OF AMERICA | § |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Motaz Wasif Amreya, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's response, movant's reply, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On April 18, 2008, movant pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, and one count of arson in violation of 18 U.S.C. § 844(h). On August 15, 2008, the court sentenced movant to a term of imprisonment of forty-six months as to count one of the indictment and 120 months as to count two, to be served consecutively to each other for an aggregate term of imprisonment of 166 months, followed by a three-year term of supervised release as to each count. On June 16, 2009, the United States Court of Appeals for the Fifth Circuit dismissed movant's appeal as frivolous, and on November

30, 2009, the United States Supreme Court denied his petition for writ of certiorari.

## II.

### Grounds of the Motion

Movant claims he is entitled to relief for violation of his Sixth Amendment right to effective assistance of counsel due to: (1) counsel's failure to make a reasonable investigation and present evidence of movant's inability to execute a scheme to defraud; (2) counsel's waiver of movant's right to an interpreter pursuant to 28 U.S.C. § 1827 inhibited movant's comprehension of the proceedings; (3) counsel advised movant to plead guilty without explaining the consecutive nature of the sentences or the effect of movant's guilty plea on his immigration status; (4) counsel's failure to seek a more appropriate plea bargain based on the lesser included offense of arson; and (5) the cumulative impact of counsel's multiple errors rendered the guilty plea unknowing and involuntary. Movant also alleged as grounds six and seven that the government withheld evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).

Movant alleged as the factual basis for ground one that at the time of the offense, he did not have valid insurance covering his business, as the policy was cancelled on December 12, 2007. Movant contends he notified his attorney that he did not set fire to the business for insurance proceeds because he could not have benefitted from a non-existent insurance policy. Movant claims his counsel made no attempt to investigate whether or not the

insurance policy was in effect prior to advising him to plead guilty.

As to the factual basis for the second ground, movant claims counsel waived his right to an interpreter, even though movant's primary language is Arabic. Movant attached to the motion the affidavit of Mohamed Yousry to support his contention that without the services of an interpreter he was unable to adequately comprehend the legal proceedings against him.

As the factual basis for the third ground, movant contends his counsel met with him one week before his rearraignment and told him he would receive a thirty-year sentence if he went to trial but a ten-year sentence if he pleaded guilty, but failed to discuss any additional sentencing implications until the sentencing hearing. Movant claims his counsel never told him that the mandatory ten-year sentence pursuant to 18 U.S.C. § 844(h) was required to run consecutively to any sentence imposed on any other counts. Movant contends he would not have entered a guilty plea had he understood the consecutive nature of the sentence.

Movant further alleges as to the third ground that his counsel advised him that a guilty plea would not affect his immigration status.

As the factual basis for the fourth ground, movant contends that the government "changed the charging decision from 18 U.S.C. § 844(i)'s 5 year mandatory minimum under arson in exchange for 18 U.S.C. § 844(h)'s 10 year mandatory minimum to run consecutive

3

to the wire fraud sentence." Mot. at 19. However, movant claims his counsel failed to object or seek the lesser included offense of arson rather than wire fraud.

As the factual basis for the fifth ground, movant claims the cumulative effect of counsel's errors resulted in a "complete breakdown" in his constitutional right to the effective assistance of counsel. Id. at 20.

As the factual basis for ground six, movant contends that he believed the accomplice movant allegedly recruited, Bayazid, was over the age of eighteen, and that he had been provided documentation to that effect that was kept at his store. However, movant alleges that after the fire, government agents removed all documentation from the store, including the documentation as to Bayazid's age, and the government failed to produce the documentation.

As the factual basis for ground seven, after the fire, government agents removed the surveillance video from the store; however, due to the amount of gasoline poured onto the video recorder, the original image was unusable. Government agents sent the video hard drive to the manufacturer for assistance in recovering the video. The re-imaged video showed movant, his codefendant, and Bayazid dousing movant's store with gasoline and preparing the Molotov cocktails used to start the fire. When questioned about where the evidence was taken, the agent stated, "I can't tell you." Id. at 23. Movant claims the government failed to disclose how the video evidence was recovered outside

4

government custody.

## III.

### Treatment of § 2255

To prevail on his ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 687. "A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam).

Prejudice in the context of a guilty plea requires movant to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Prejudice in sentencing means that but for counsel's error, a movant's sentence would have been significantly less harsh. Id. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. Miller v. Johnson,

5

200 F.3d 274, 282 (5th Cir. 2000).

Movant is not entitled to relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland, and he has alleged nothing as to the remaining two grounds as would entitle him to relief.

IV.

None of the Grounds Has Merit

A. Ground One

The basis of movant's first claim--that he told his attorney he had no insurance coverage on the store, and that his attorney failed to investigate the coverage issue--are contradicted by the record. At movant's rearraignment, the stipulated facts recited in the factual resume were read aloud, including the following statement:

> Several hours after the fire, [movant] placed a telephone call from Texas to Des Moines, Iowa, and during the phone call fraudulently filed an insurance claim with Nationwide Insurance for damages and loses [sic] that occurred as a result of the fire.

Factual Resume at 4; sentencing tr. at 36-38. Following the reading of the stipulated facts, movant testified that all of the stipulated facts, including the above-cited paragraph, were true. Id. at 38-39. Additionally, during the rearraignment hearing the essential elements of the crime of wire fraud were read aloud, and movant admitted that facts supporting each of the elements were present in this case. Id. at 21.

A defendant generally may not refute his sworn testimony given under oath at a plea hearing. United States v. Cervantes,

132 F.3d 1106, 1110 (5th Cir. 1998). "Solemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceedings." Id. (citing Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)) (internal quotation marks omitted). Refutations of sworn testimony may be considered on collateral review only when the movant "offers specific factual allegations supported by the affidavit of a reliable third person." Id.; see also United States v. Raetzsch, 781 F.2d 1149, 1151 (5th Cir. 1986) (in the context of a § 2255 motion, "there must be independent indicia of the likely merit of the petitioner's contentions, and mere contradiction of his statements at the guilty plea hearing will not carry his burden."). Here, movant has offered nothing of the sort in support of his allegations.

Movant's after-the-fact contentions that he knew at the time he set the fire that his insurance had been cancelled are not credible in the face of the record before the court. Not only did movant testify under oath that he set fire to his store in order to obtain the insurance proceeds, in conjunction with preparation of the presentence report, movant provided to the probation officer a hand-written, signed statement in which he expressly stated that the plan of the offense was to burn the merchandise in the store in order to obtain insurance money. Further, movant's attorney at sentencing objected to the failure of the probation officer in the presentence report to credit movant with acceptance of responsibility, and urged movant's

7

handwritten statement submitted during preparation of the presence report, admitting the plan to collect insurance money, as evidence that he had accepted responsibility. The court sustained the objection and granted movant a three-level reduction for acceptance of responsibility. Movant's post-conviction contentions are without merit.

B.  Ground Two

The use of an interpreter is a matter left to the court's discretion. <u>Suarez v. United States</u>, 309 F.2d 709, 712 (5th Cir. 1962). While the decision to waive the services of an interpreter is personal to the defendant, the issue arises only upon a judicial finding that "either the defendant's comprehension of the proceedings, or his communications with counsel or the court, is inhibited by language or hearing difficulties." <u>United States v. Perez</u>, 918 F.2d 488, 491 (5th Cir. 1990); 18 U.S.C. § 1827(d)(1). The requirement to consider appointment of an interpreter arises only upon some indication to the court that a criminal defendant speaks only or primarily a language other than English, such as use by the defendant of an interpreter during earlier proceedings. <u>United States v. Tapia</u>, 631 F.2d 1207, 1209 (5th Cir. 1980).

Nothing in the record of this case would have indicated to the court the need to raise the issue of an interpreter. Movant participated in his initial appearance before the United States Magistrate Judge and responded to the Magistrate Judge's inquiries without an interpreter present. At his arraignment

before the court on February 29, 2008, the following exchange took place:

> THE COURT: I take it you read, write, understand, and speak the English language proficiently?
>
> DEFENDANT AMREYA: Yeah.

Arraignment Tr. at 2. At movant's rearraignment on April 18, 2008, the court again questioned movant regarding his use of the English language:

> THE COURT: Howe well do you read, write, understand,
>
> and speak the English language?
>
> DEFENDANT AMREYA: Not 100 percent, Your Honor, but 80 percent.
>
> THE COURT: Pardon?
>
> DEFENDANT AMREYA: 80 percent.
>
> THE COURT: 80 percent? Are you comfortable that you can understand what's going on here?
>
> DEFENDANT AMREYA: Yes, Your Honor.

Rearraignment Tr. at 3. Finally, at both his rearraignment and sentencing hearings, movant answered the court's questions, and directly addressed the court, without any apparent difficulty and with no mention of the need for an interpreter. Thus, nothing on the record before the court would have raised in the court an awareness that movant required an interpreter.

Although movant claims his counsel waived movant's right to an attorney, that claim is simply unsupported by the record. Nowhere in the record of the proceedings before the court does movant's attorney waive such a right. Rather, as discussed, nothing in the proceedings before the court gave any indication

9

of any need for an interpreter.[1]

C. Ground Three

As with his first two claims, movant's third claim is contradicted by the record. The plea agreement clearly indicated that the arson count required a period of imprisonment of ten years, and that movant could face as much as thirty years imprisonment. Contrary to movant's assertions, his attorney at the rearraignment hearing exhibited no confusion as to the mandatory and consecutive nature of the prospective sentence. Rather, movant's attorney clarified for the court that the arson count required a ten-year mandatory sentence that was required to run consecutive to any other sentence imposed. Rearraignment Tr. at 27-28. Movant testified that he understood that he faced ten years' imprisonment as to the arson charge, and understood that it would run consecutively to any other sentence imposed as to the wire fraud charge. Id. at 27-30. Movant testified that he understood that he faced a term of imprisonment of up to thirty years, and testified that no one had made any promise to him of any kind to induce him to enter a guilty plea. Id. at 28-30, 34.

In contrast to his sworn testimony at his rearraignment hearing, movant now claims that his attorney told him he would receive a ten-year sentence if he pleaded guilty. "[A]

---

[1]Movant has attached to the motion the declaration of Mohamed Yousry, a self-described former linguistics expert, stating that, in his opinion, movant was unable to comprehend basic legal concepts and required the use of an English-to-Arabic translator during his criminal proceedings. Yousry does not allege that he personally observed movant's criminal proceedings, and the court finds Yousry's declaration insufficient to overcome the clear record in this case.

10

defendant may seek habeas relief on the basis of alleged promises, though inconsistent with representations [he] made in open court when entering [his] guilty plea, by proving (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." Cervantes, 132 F.3d at 1110. Movant has failed to provide the identity of any eyewitness to his attorney's alleged promise, or any other independent indicia of the reliability of his allegations. Accordingly, the court is entitled to give full weight to movant's sworn testimony during his rearraignment. Id.

Movant's allegations concerning his immigration status fare no better. Movant contends his attorney told him his guilty plea would have no effect on his immigration status. Although the Supreme Court has recently decided differently, see Padilla v. Kentucky, ___ U.S. ___, 130 S. Ct. 1473 (2010), at the time of movant's guilty plea and sentencing, Fifth Circuit law was clear that failure of counsel to advise of possible deportation did not amount to ineffective assistance of counsel. United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993). The Supreme Court in Padilla made no express finding as to the retroactivity of its holding.

Whether or not movant's attorney's conduct was deficient for failing to advise movant of the risk of deportation after pleading guilty, the record conclusively demonstrates a lack of prejudice. At movant's rearraignment hearing, the court

11

specifically advised movant that

> [a]n adjudication of guilt could result in deportation, that is, being required to leave the United States, of a defendant who is an alien and can adversely affect such a defendant's ability ever to become a citizen of the United States.

Rearraignment Tr. at 8. Movant testified that he understood the court's warning. Id. The presentence report also specifically stated that defendant's counts of conviction rendered him deportable, and that information was disclosed to movant. Finally, despite movant's claims in his motion, at his sentencing movant directly addressed the court concerning his possible deportation, by acknowledging that he faced deportation and asking the court for intervention, if possible. Sentencing Tr. at 13.

As movant was advised at his rearraignment of the possibility of deportation as a consequence of his guilty plea, and testified that he understood that consequence, the court concludes that movant has failed to show he was prejudiced by any deficient conduct of counsel, and this claim fails.

D. Ground Four

Movant's fourth claim, that his attorney should have sought to negotiate a plea only as to only the charge of arson, rather than the additional charge of wire fraud, fails for the same reasons his first claim fails. Movant admitted in the factual resume and under oath at his rearraignment that he engaged in the conduct charged by the count of wire fraud. This claim is without merit.

12

E.  Ground Five

Movant claims that the cumulative result of his attorney's errors rendered his guilty plea unknowing and involuntary. For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (internal quotations and citations omitted). However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." Id. (internal citations omitted).

The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

The record here squarely contradicts movant's claims. At his rearraignment, movant waived the reading of the indictment, but testified that he read and understood it, that he read the plea agreement, the factual resume, and the proffer agreement, and understood and discussed the legal significance of the documents with his attorney before signing them. Rearraignment

13

Tr. at 19-20. Movant heard all of the elements of the offenses to which he pleaded guilty read aloud, as well as the stipulated facts, and he admitted that all of the facts were true. Id. at 20-21, 35-39. Movant also testified that he understood that the sentencing guidelines are advisory but knew they would apply to his case, and he testified that he understood the possible penalties and punishments. Id. at 8-13, 29-30.

After considering all of the aforementioned testimony, the court expressly found movant's plea to be knowing and voluntary. Id. at 39. Under these facts, it is clear that movant knew the consequences of his plea as contemplated by the Fifth Circuit, and the court cannot now conclude that movant's plea was anything other than knowing and voluntary.

F. Grounds Six and Seven

The government contends claims six and seven are barred because movant failed to raise them in the trial court or on appeal. "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (internal citations omitted); see also United States v. Frady, 456 U.S. 152, 168 (1982).

The cause-and-prejudice standard requires a movant to show both that an objective factor external to the defense prevented

him from raising the issue on appeal and that the alleged error "worked to his <u>actual</u> and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Frady</u>, 456 U.S. at 170 (emphasis in original); <u>see</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991). A failure to show either prong forecloses collateral relief. <u>Frady</u>, 465 U.S. at 168.

Here, the court agrees with the government that movant does not allege any objective factors external to the defense to explain that failure. Even if he had attempted to do so, however, the court concludes that both grounds are frivolous. Nothing in the record supports movant's conclusory assertion that government agents removed documentation showing Bayazid's age from the premises or maintained possession of those documents during the prosecution of movant's case, and movant offers no citations to the record or other evidence to support his claim.

Also contrary to movant's assertion, the government agent testified at movant's detention hearing as to the process used by the government to recover the video evidence. Although the agent testified that she couldn't tell where the video was taken, the context of the quote makes clear that her testimony was that while she personally did not know the name of the manufacturer, another agent had that information. Nothing was withheld from movant, and this claim is frivolous.

V.

ORDER

Therefore,

The court ORDERS that the motion of Motaz Wasif Amreya to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED November 8, 2010.

JOHN McBRYDE
United States District Judge